**Robert G. McCRAY, Plaintiff-Appellant,**

v.

**L. B. SULLIVAN, etc., et al., Defendants-Appellees.**

No. 75–4386.

United States Court of Appeals, Fifth Circuit.

Sept. 16, 1977.

Robert G. McCray, pro se.

Robert D. Segall, Montgomery, Ala., Court-appointed, for plaintiff-appellant.

William J. Baxley, Atty. Gen., Larry R. Newman, Asst. Atty. Gen., Montgomery, Ala., for defendants-appellees.

Before COLEMAN, Circuit Judge, KUNZIG,[*] Judge, and GEE, Circuit Judge.

PER CURIAM:

Appellant Robert G. McCray brought this Title 42 U.S.C. § 1983 action against the Governor, Board of Corrections, Pardons and Parole Board and various prison officials of the State of Alabama, while an inmate of the Alabama Prison System, seeking a million dollars in exemplary and punitive damages on his own behalf and injunctive relief on behalf of a class (black inmates) which he sought to represent.

From pleadings unremarkable for either clarity or coherence, the district court distilled four basic claims: (1) that McCray was held in causeless administrative segregation pursuant to a conspiracy to violate his constitutional rights against prejudice and discrimination; (2) that inmates' meals were verminous and filthy; (3) that the parole board membership did not reflect the same proportion of blacks as the prison population; and (4) that the inmates of his unit were denied proper medical attention. The court dismissed the first two claims as failing of constitutional proportions and the last as the subject of another class action adequate to secure such redress as plaintiff might deserve. After further consideration, the court dismissed the third claim as well as not being a fit subject for a section 1983 suit, as requiring exhaustion in state habeas proceedings even if it were, and as one which McCray lacked standing to bring. McCray appeals, and we reverse in part and remand.

Insofar as class relief under claims (2) and (4) above is concerned, the class which McCray seeks to represent (with others) received adequate relief by the decree of the district court entered in *Newman v. State of Alabama,* affirmed by us today. 559 F.2d 283 (5th Cir. 1977). We therefore affirm their dismissal.

As for the remainder of McCray's claims, we think the court below construed them too narrowly. There can be little doubt that McCray has sought to charge not only claims (1) and (3) above—though his claim of arbitrary administrative segregation is somewhat compromised by a statement in his pro se appellant's brief that he was there on his own request—but other things as well. It is too well known to require supporting authority that such pleadings as plaintiff's are to be liberally construed and, so construed, are not to be dismissed unless they are not subject to proof on any plausible state of facts. So construed, plaintiff's pleadings may reasonably be read as asserting, in addition to those ascertained by the court below, claims that black prisoners are

* Judge of the United States Court of Claims, sitting by designation.

subjected to discriminatory parole criteria as compared to whites, that the parole board was intentionally constituted of racially prejudiced persons, and that prisoners such as he were administratively segregated for racial reasons and for filing writs. Such claims, however difficult they may be for plaintiff to prove, are ones upon which, if proved, relief can be granted. They should not have been dismissed on a barebones basis.[1] The cause is, to the extent indicated above, affirmed and otherwise REVERSED AND REMANDED.

COLEMAN, Circuit Judge, concurring:

I concur in the within and foregoing opinion of the Court, but I wish to direct the attention of the District Court to *James v. Wallace,* 5 Cir., 1976, 533 F.2d 963, in which this Court has previously decided issues with reference to appointments made by the Governor of Alabama.

---

1. At oral argument we were advised that plaintiff had been paroled during the pendency of the appeal. Whatever effect this circumstance may have on McCray's claims for class and injunctive relief—matters which we leave for the district court on remand—it does not moot his damages claim.